BARTHOLOMEW, PLAINTIFF AND APPELLEE, *v.* ALLEN ET AL., DEFENDANTS, INTERVENORS AND APPELLANTS.

APPEAL from the District Court of Arecibo in an Action to Enforce the Execution of a Contract.

No. 1467.—Decided July 19, 1916.

MARRIAGE—CONJUGAL PARTNERSHIP—COMMUNITY PROPERTY—PRIVATE INTERNATIONAL LAW.—The laws of the state in which the marriage is contracted govern the rights and duties of the spouses in relation to each other, this principle being established by section 9 of the Civil Code as to citizens of Porto Rico although residing in foreign countries, and the acquisition of realty in a state in which conjugal partnerships are recognized does not create such partnership between the spouses if it does not exist in the state in which they were married.

ID.—ID.—SEPARATE PROPERTY—ALIENATION—CONSENT.—As conjugal partnerships do not exist in the State of New York where the defendant and the intervenor in this case contracted marriage and where all property acquired by the husband during the marriage belongs to him, except the separate property of the wife, real property purchased by the husband in Porto Rico with his own money belongs to him exclusively and in conveying the same the consent of his wife is not necessary, section 1322 of the Civil Code being inapplicable as there is no presumption of ganancial property.

The facts are stated in the opinion.
*Mr. Frank Antonsanti* for the defendant-appellant.
*Mr. Salvador Suau* for the intervenor-appellant.
*Messrs. Muñoz & Brown* for the plaintiff-appellee.
MR. JUSTICE ALDREY delivered the opinion of the court.
John W. Allen, who married Sarah T. Allen in the State

of New York, where, as admitted by the parties to this action, the ganancial system of community property is not recognized and all property acquired by the husband during the wedlock, except the private property of the wife, belongs exclusively to the husband and may be freely disposed of by him, purchased later various rural properties in this island which he afterwards agreed to sell to Tracy Bartholomew. Suit having been brought by Bartholomew against Allen for specific performance of the agreement to sell and judgment having been rendered against Allen, the only question raised by the intervening wife both in the lower court and in this court is whether the sale or the agreement to sell made by her husband is valid notwithstanding the fact that her consent was not obtained for the sale of real property acquired during the wedlock and located in this island, where the express consent of both spouses is necessary for the alienation of the property.

If the properties purchased belong to the conjugal partnership composed of the Allen spouses, there is no doubt that although in the State of New York, where they were married, the husband is entitled to the management and free disposal of the community property, he could not sell real property situated in Porto Rico without first obtaining the consent of his wife, pursuant to the principles laid down in the cases of *Amadeo* v. *The Registrar,* 3 P. R. R. (2d ed.), 134, and *Colón* v. *The Registrar,* 22 P. R. R. 344.

But this is not the question in the present case. It is whether the properties purchased by John W. Allen belong exclusively to him, inasmuch as section 1322 of our Civil Code prescribes that all the property of the marriage shall be considered as partnership property until it is proved that it belongs exclusively to the husband or to the wife.

As it is conceded that in the State of New York, where the Allen spouses were married, the ganancial system of

community property does not exist and that all property acquired by the husband during wedlock belongs to him, we are forced to the conclusion that the husband is the sole owner of the properties in question because he purchased them with his own money and, therefore, may dispose of the same without the consent of his wife. The laws of the state where the marriage is contracted govern the rights and duties of the spouses, as is established by section 9 of our Civil Code in regard to citizens of Porto Rico although residing in foreign countries; and the fact that real property is acquired in a state where the ganancial system of community property is recognized does not create such a partnership between the spouses if it does not exist in the state where they were married.

In conformity with these principles, this court held in 1904 in the analogous case of *Antongiorgi* v. *The Registrar of Property*, 6 P. R. R. 493, (2d ed. p. 238), that it is a principle of private international law, admitted by the decisions of the courts and sanctioned especially by section 9 of the Civil Code, that the personal law relating to the individual is that of the country to which he belongs, which follows him wherever he may go and regulates his personal rights, his capacity to convey by acts *inter vivos* or *causa mortis,* and the government of marriage and the family, and that applying the said doctrine, a citizen of any state where the system of community property has not been established has perfect capacity in Porto Rico to execute a contract of purchase and sale of a rural estate acquired during the wedlock, and no law or provision in force in this Island relating to the alienation of real property is thereby violated.

The judgment appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.